## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT McCURRY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV448 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JERALD SWANSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' Motion to Compel (Filing No. 36). The plaintiffs attached to the motion a copy of the discovery served, which includes interrogatories and requests for production. **See** Filing No. 36, Attach. The plaintiffs state the defendants have failed to serve responses to discovery served on June 10, 2010. **See** Filing No. 36 ¶ 1. The plaintiffs' counsel states he made attempts to contact the defendant's counsel without success. *Id.* ¶ 2. The defendants did not respond to the plaintiffs' motion. Similarly, no certificates of service exist in the record as evidence of service of the responses or objections. **See** NECivR 33.1 and 34.1.

### ANALYSIS

The Federal Rules of Civil Procedure require a responding party to serve answers and any objections to properly served interrogatories and requests for production within thirty days of service. **See** Fed. R. Civ. P. 33(b)(2) and 34(b)(2). The defendants have provided the court with no explanation for the delinquent discovery responses, or good cause for excuse from waiver. Accordingly, the defendants shall provide interrogatory responses without objection and shall produce the requested documents. Furthermore, the defendants shall show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 37(a). Fed. R. Civ. P. 37(a)(5)(A) provides:

> If the motion [to compel] is granted. . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's

>   reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>   (i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>   (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
>   (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

    The defendants' failure to provide discovery responses required the plaintiffs to file a motion to compel.  The court shall, after the defendants have a chance to respond, grant the plaintiffs reasonable expenses for filing such motion, unless the defendants show substantial justification for the failure to provide discovery responses.  Upon consideration,

**IT IS ORDERED:**

1.  The plaintiffs' Motion to Compel (Filing No. 36) is granted.

2.  The defendants shall have to **on or before September 8, 2010**, to serve responses to the plaintiffs' discovery requests and to show cause why sanctions, including the award of attorneys' fees under Rule 37(b)(2)(C), should not be imposed.

DATED this 23rd day of August, 2010.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge
