**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **ROBERT McCURRY, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV448 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **JERALD SWANSON, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' Motion to Compel (Filing No. 45). The plaintiffs attached to the motion a copy of the discovery, which includes the defendants' supplemental responses to interrogatories and requests for production. **See** Filing No. 45, Attach. The plaintiffs filed a brief (Filing No. 46) in support of the motion. The plaintiffs state the defendants' supplemental responses to Interrogatory Nos. 11, 14, 15 and 18 are deficient. **See** Filing No. 45 ¶ 3. The plaintiffs' counsel states he made attempts to resolve the parties' disagreement about the discovery without success. *Id.* ¶ 4. The defendants did not respond to the plaintiffs' motion. Similarly, no certificates of service exist in the record as evidence of service of supplemental responses. **See** NECivR 33.1.

**ANALYSIS**

The Federal Rules of Civil Procedure require a responding party to serve answers and any objections to properly served interrogatories and requests for production within thirty days of service. **See** Fed. R. Civ. P. 33(b)(2) and 34(b)(2). The plaintiffs filed a motion to compel on August 2, 2010, regarding the defendants' complete failure to respond to discovery requests. The defendants provided the court with no explanation for the delinquent discovery responses, or good cause for excuse from waiver. Accordingly, the court granted the plaintiffs' August 2, 2010, motion to compel and the defendants were required to provide interrogatory responses without objection and to produce the requested documents. **See** Filing No. 38. Based on the parties' agreement, the court did not impose sanctions on the defendants. **See** Filing No. 43 - Text Entry. The defendants provided

supplemental discovery responses on September 8, 2010.  **See** Filing No. 45, Attach.  The plaintiffs filed the instant motion to compel on September 14, 2010.  **See** Filing No. 45.  The plaintiffs argue the defendants' relevance objections are unsubstantiated.  **See** Filing No. 46.  Further the plaintiffs contend the burden rests with the defendants to provide complete responses rather than merely rely on "reports that were provided."  *Id.* at 3 (**quoting** Filing No. 45, Attach. Response to Interrogatory No. 14.  Finally, the plaintiffs assert that although some privileged information may be contained in the responses, the defendants failed to timely provide a privilege log.  *Id.* at 3-4.  The defendants did not respond to the plaintiffs' motion.

The court previously found the defendants waived any objections to the discovery requests.  **See** Filing No. 38.  Additionally, the plaintiffs meet their threshold burden of showing the requested discovery reasonably bears upon the issues in the case.  *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).  The burden is on the defendants to provide full and correct responses.  **See** Fed. R. Civ. P. 33(b)(3); *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991).  The defendants failed to meet their burden.  Accordingly, the plaintiffs' motion to compel will be granted.  Furthermore, the defendants shall show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 37(a).  Fed. R. Civ. P. 37(a)(5)(A) provides:

> If the motion [to compel] is granted. . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
> (i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

The defendants' failure to provide complete discovery responses required the plaintiffs to file a second motion to compel.  The court shall, after the defendants have a

chance to respond, grant the plaintiffs reasonable expenses for filing such motion, unless the defendants show substantial justification for the failure to provide discovery responses. Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Motion to Compel ([Filing No. 45](#)) is granted.

2. The defendants shall have to **on or before October 20, 2010**, to serve supplemental responses, as requested, to the plaintiffs' Interrogatory Nos. 11, 14, 15 and 18, and to show cause why sanctions, including the award of attorneys' fees under Rule 37(b)(2)(C), should not be imposed.

DATED this 5th day of October, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge